IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WACHOVIA BANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 2:10cv097-WHA |
| | ) (WO) |
| LIGHTING FAIR, INC., | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

This case is before the court on Plaintiff Wachovia Bank, National Association's ("Wachovia") Motion for Default Judgment (Doc. #13).

On February 3, 2010, Wachovia foreclosed on real property owned by Defendant Lighting Fair, Inc. ("Lighting Fair"). This property was Lighting Fare's only place of business. On February 5, 2010, Wachovia filed the Complaint in this case alleging that Lighting Fair defaulted on its obligation to pay Wachovia pursuant to the terms of two promissory notes. (Doc. #2.) On February 19, 2010, alias summons were issued to Kelly Harris and Charles Shannon Fair, Lighting Fair's only two shareholders and, according to Wachovia, the only two known individuals to hold any interest in or to be associated with Lighting Fair. On February 27, 2010, Wachovia served the Summons and Complaint to Lighting Fair via personal service on Kelly Harris, who Wachovia believes is its majority shareholder. More than twenty-one days have elapsed since service of the Summons and Complaint on Ms. Harris, and Lighting Fair has failed to respond by filing an answer or other responsive pleading within the time set forth in the Federal Rules of Civil Procedure.

On May 13, 2010, Wachovia filed a Motion for Default Judgement (Doc. #11) and

Motion for Entry of Default (Doc. #12). The Clerk declined to enter a default on the ground that service was insufficient. Wachovia has now moved the court to enter a default judgment, and has filed a brief and supporting evidence in support of its contention that service of process was proper under the circumstances. (Doc. #13.)

Service of a complaint on a corporation may be accomplished by "following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district court is located . . . ." Fed. R. Civ. P. 4(h)(1)(A) and (e)(1). Alabama Rule of Civil Procedure 4(c)(6) provides that service of a complaint on a corporation may be accomplished "by serving an officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process."

This case presents a unique set of facts. William Charles Fair, the only officer or agent authorized to receive service of process for Lighting Fair, is deceased, Lighting Fair has not named successor officers or agents, and Lighting Fare has no principal place of business because Wachovia foreclosed on that property. To Wachovia's knowledge, there is no one, other than Lighting Fair's shareholders, with any responsibility for Lighting Fair. As a result, Wachovia served Kelly Harris, one of Lighting Fare's two shareholders, and the individual that Wachovia believes to be its majority shareholder. The court must determine whether service upon Kelly Harris is sufficient service on Lighting Fair, Inc. under Fed. R. Civ. P. 4(h)(1)(A) and Ala. R. Civ. P. 4(c)(6).

Wachovia states that it served Kelly Harris because Wachovia believes Harris is Lighting Fare's majority shareholder. Wachovia, however, does not provide the basis for this belief or explain why service on Charles Shannon Fair, Lighting Fair's other shareholder, is not possible.

The court recognizes that, in Alabama, "[w]here the person served was not a general or managing agent, service has still been held valid where the person served is in a position of sufficient responsibility so that it is reasonable to assume that he will transmit notice of the action to his organizational superiors." *Green v. Pike Manor, Inc.*, 431 So. 2d 1316, 1317 (Ala. Ct. App. 1983) (citing 2 Wright & Miller, *Federal Practice and Procedure* 1103 (1969)).  While Wachovia may ultimately be correct that Harris occupies a position of sufficient responsibility so that it is reasonable to assume that she will transmit notice of this action to any other individuals who have an interest in Lighting Fair, Wachovia has not provided the basis for this conclusion and has not explained why service on Charles Shannon Fair is not possible.  "Default judgments are not favored by the courts, and the discretion to grant a default judgment should be resolved in favor of the defaulting party when there is doubt as to the propriety thereof." *Johnson v. Hall*, 10 So. 3d 1031, 1037 (Ala Ct. Civ. App. 2008) (internal alterations and citation omitted).

Accordingly, it is hereby ORDERED that Wachovia's Motion for Default Judgment (Doc. #13) is DENIED.  Wachovia is given until **August 13, 2010** to serve Charles Shannon Fair, or to show cause why service on Charles Shannon Fair is not possible and to set out the basis for its belief that Kelly Harris is the majority shareholder of the Defendant.

Done this 13 day of July, 2010.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE